HARWOOD, Justice
(concurring specially).
I concur in the per curiam denial of the petition for the writ of certiorari. I write specially to identify the procedural problem with the petition that compels my vote to deny it, in the hope that doing so will remind the bar of the need carefully to read and follow the provisions of Rule 39, Ala. R.App. P., governing petitions for the writ of certiorari.
The petition asks that we issue the writ of certiorari to review the decision of the Court of Civil Appeals affirming, without an opinion, the disposition of the case by the trial court. Silas v. McGwire (No. 2030334, Oct. 15, 2004), - So.2d - (Ala.Civ.App.2004)(table). The petition advises us that at the conclusion of the jury trial of the Silases’ action, the trial court granted the defendant’s motion “for a directed verdict” [1] on the ground that the Silases had failed to prove any actual damage. Naturally, any review by this Court of the propriety of the trial court’s ruling (if otherwise properly presented to us under Rule 39) would require an assessment by us of the facts placed into evidence as of the time the trial judge ruled, as a matter of law, that the Silases, as the plaintiffs, had failed to prove actual damage. Because, as noted, the disposition of the appeal by the Court of Civil Appeals was by means of a “no-opinion” affirmance, no facts are available to us in its decision. The Silases timely filed an application for rehearing, which was denied by the Court of Civil Appeals. Rule 39(d)(5)(B) provides a clear “road map” for getting a statement of the facts before this Court “where an application for rehearing was filed with the court of appeals in a ‘no-opinion’ decision.” In such a case,
*191 “the applicant shall include in the application for rehearing the applicant’s statement of facts. If the court of appeals does not include the applicant’s statement of facts in a subsequent opinion or memorandum, a verbatim copy of the applicant’s statement of facts as presented to the court of appeals must be included in the petition for the writ of certiorari, with references to the pertinent portions of the clerk’s record and the reporter’s transcript. The petition must include a verification that the statement of facts is a verbatim copy of the statement presented to the court of appeals in the application for rehearing.”
Rule 39(d)(5)(B).[2]
Thus, a two-step process must be followed in the event an application for rehearing was filed with the court of appeals: (1) inclusion of a proposed statement of facts in the application for rehearing and, assuming the court of appeals does not include the applicant’s statement of facts in a subsequent writing, (2) inclusion in the petition to this Court for the writ of certio-rari (or, on or after June 1, 2005, as an attachment to the petition) of a verbatim copy, verified as such, of the statement of facts as presented to the court of appeals in the application for rehearing, with references to the pertinent portions of the clerk’s record and the reporter’s transcript.
The Silases’ petition to this Court states that a copy of their application for rehearing is attached as “Exhibit B.” Exhibit B is not a copy of the application for rehearing itself, but rather simply a copy of the notice to the Silases from the clerk of the Court of Civil Appeals, of the fact that their application for rehearing had been overruled without a written opinion. Although the petition contains a 10-page “Statement of Facts,” which purports to summarize the testimony and other evidence presented during the jury trial, with reference to the record, there is absolutely no verification in the petition to the effect that this statement of facts represents a copy, verbatim or otherwise, of any statement of facts presented to the Court of Civil Appeals in the Silases’ application for rehearing.
Consequently, there are no facts properly before this Court that we can consider for the purpose of determining whether the Silases, as the plaintiffs below, adduced sufficient evidence to create a jury question as to whether they had suffered any legally cognizable damage.
My personal vote on this matter is therefore based on the fact that procedurally there are no facts available on which to determine whether a judgment as a matter of law for the defendant based on a lack of proof of damage was erroneous, were that issue otherwise properly brought forward under one of the five grounds of review available in civil cases by virtue of Rule 39(a)(l)(A)-(E). Stated another way, because the “no-opinion” af-firmance by the Court of Civil Appeals necessarily does not include a summary of the evidence before the trial court, and because none of that evidence is properly presented by the petition for the writ of certiorari, I am in no position to evaluate whether the trial judge erred in making a ruling predicated on an assessment of the state of that evidence.

. Rule 50, Ala. R. Civ. P., was amended effective October 1, 1995, to rename the motion for a directed verdict as a motion for a judgment as a matter of law.

. On January 12, 2005, this Court amended Rule 39(d)(5)(B); that amendment is effective June 1, 2005. As amended, Rule 39(d)(5)(B) provides that the "verbatim copy of the applicant's statement of facts as presented to the court of appeals must be either included in or presented as an attachment to the petition for the writ of certiorari...."